Matthew T. Meade
Kaitlyn J. Mitcham
Smith Oblander Meade & Mitcham, P.C.
PO Box 2685
Great Falls, MT  59403-2685
Telephone: (406) 453-8144
matt@bigskylaw.com
kaitlyn@bigskylaw.com
*Co-Attorneys for Plaintiff, Dhillon Hotel, Inc.*

Channing J. Hartelius
Hartelius Law Center, PLLC
P.O. Box 1024
Great Falls, MT 59403-1024
Telephone: (406) 788-0035
chartelius@mtlawyers.net
*Co-Attorneys for Plaintiff, Dhillon Hotel, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| Dhillon Hotel, Inc., d/b/a Holiday Inn Great Falls,<br><br>          Plaintiff,<br>     vs.<br><br>Mohawk Carpet Distribution, Inc.<br><br>          Defendant. | Cause No:  CV-22-59-GF-BMM<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, the Plaintiff, Dhillon Hotel, Inc., doing business as Holiday Inn Great Falls, by and through its counsel of record, Matthew T. Meade and Channing J. Hartelius, and for its Complaint states and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff, Dhillon Hotel, Inc. ("Dhillon"), is a corporation organized and existing under the laws of the state of Montana. Its principal place of business is Great Falls, Cascade County, Montana. As such, Dhillon is a citizen of Montana.

2. Dhillon is registered with the Montana Secretary of State to use the assumed business name "Holiday Inn Great Falls". Dhillon operates a hotel under its assumed business name in Great Falls, Montana (the "Holiday Inn").

3. Defendant, Mohawk Carpet Distribution, Inc. ("Mohawk"), is a Delaware Business with its principal place of business in Calhoun, Georgia.

4. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, as this action involves a controversy between citizens of different states, and the amount in controversy exceeds $75,000.00.

5. Venue in the District of Montana, Great Falls Division, is proper pursuant to 28 U.S.C. § 1391(b)(1) and L.R. 1.2(c)(3).  Mohawk meets the residency requirements of 28 U.S.C. § 1391(c)(2) by systematically engaging in business in Great Falls, Cascade County, Montana, and by creating sufficient minimum contacts within the state, thereby subjecting itself to personal jurisdiction. Additionally, venue is proper under 28 U.S.C. § 1391(b)(2) and

L.R. 1.2(c)(3), as a substantial part of the events and omissions which are the subject of this Complaint occurred in Great Falls, Cascade County, Montana.

## GENERAL ALLEGATIONS

6. Dhillon purchased carpet for Holiday Inn Great Falls between 2019 and 2021.

7. Mohawk was the manufacturer and seller of the carpet purchased by Dhillon.

8. Dhillon used the carpet as part of the renovation project for the Holiday Inn Great Falls throughout 2019, 2020, and 2021.

9. The carpet manufactured and sold by Mohawk was defective, causing it to come loose from normal use. The defective carpet has resulted in areas in the hotel with bare patches missing in the carpet and with areas where carpet is noticeably coming loose. The carpet is a common guest complaint.

10. Dhillon faces an extreme financial hardship as they need to replace carpet throughout the entire hotel.

11. Dhillon has lost revenue from guest dissatisfaction with the rooms.

12. Dhillon will suffer future lost revenue while the carpet is replaced.

### COUNT I – BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

13. Dhillon incorporates each and every fact alleged in paragraphs 1-12 above, as though set forth fully herein.

14. Mohawk is, and was at all relevant times, a merchant with respect to carpet sales.

15. A warranty that the carpet purchased by Dhillon was in merchantable condition is implied by law. Mont. Code Ann. § 30-2-314.

16. The carpet, when sold and at all times thereafter, was not in merchantable condition.

17. As a direct and proximate result of Mohawk's breach of the warranty of merchantability, Dhillon has been damaged in an amount to be proven at trial.

**COUNT II – BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

18. Dhillon incorporates each and every fact alleged in paragraphs 1-17 above, as though set forth fully herein.

19. Mohawk is, and was at all relevant times, a merchant with respect to carpet sales.

20. Mohawk had reason to know that carpet it sold would be used for the purpose of furnishing the hotel and its rooms.

21. Dhillon relied upon Mohawk's brand, reputation, skill, and judgment in furnishing suitable goods.

22. A warranty that the carpet purchased by Dhillon was fit for the particular purpose of furnishing rooms is implied by law. Mont. Code Ann. § 30-2-

314.

23. The carpet, when sold and at all times thereafter, was not fit for the particular purpose of furnishing the hotel and its rooms.

24. As a direct and proximate result of Mohawk's breach of the implied warranty of fitness for a particular purpose, Dhillon has been damaged in an amount to be proven at trial.

## COUNT III – BREACH OF EXPRESS WARRANTY

25. Dhillon incorporates each and every fact alleged in paragraphs 1-24 above, as though set forth fully herein.

26. Upon information and belief, Dhillon believes that an express warranty was made by Mohawk at the time the carpet was sold.

27. Upon information and belief, Dhillon believes that Mohawk breached that express warranty by selling defective carpet.

28. As a direct and proximate result of Mohawk's breach of its express warranty, Dhillon has been damaged in an amount to be proven at trial.

## COUNT IV – BREACH OF CONTRACT

29. Dhillon incorporates each and every fact alleged in paragraphs 1-28 above, as though set forth fully herein.

30. Mohawk contracted to provide functional, usable, and appropriate carpet to Dhillon for use in the Holiday Inn Great Falls.

31. Mohawk breached its contract by providing Dhillon defective carpet.

32. As a direct and proximate result of Mohawk's breach of contract, Dhillon has been damaged in an amount to be proven at trial

### COUNT V – NEGLIGENCE

33. Dhillon incorporates each and every fact alleged in paragraphs 1-32 above, as though set forth fully herein.

34. At all times relevant hereto, Mohawk had a legal duty to Dhillon to use due care in producing carpet that would not come loose and deteriorate from normal use.

35. Mohawk breached its legal duty of care by manufacturing and selling defective carpet.

36. As a direct and proximate result of Mohawk's breach of its duty, Dhillon has been damaged in an amount to be proven at trial.

**WHEREFORE,** Dhillon prays for the following relief:

1. For Judgment in favor of Dhillon, awarding all general and special damages caused by Mohawk's various warranty breaches and negligence, including but not limited to all direct, incidental, and consequential damages;

2. To the extent permitted by law, warranty, or contract, an award of Dhillon's attorney fees;

3. For judgment awarding Dhillon its reasonable costs and expenses as may be allowed; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted this 28th day of June, 2022.

        Smith Oblander Meade & Mitcham, PC

        By:  /s/ Matthew T. Meade
        Matthew T. Meade
        Smith Oblander Meade & Mitcham, PC
        104 2nd St S., Ste. 400
        Great Falls, Montana 59401
        Telephone:  (406) 453-8144
        Fax:  (888) 402-0579
        Email: matt@bigskylaw.com
        *Co-Attorneys for Dhillon Hotel, Inc.*

        Hartelius Law Center, PLLC

        By:  /s/ Channing J. Hartelius
        Channing J. Hartelius
        Hartelius Law Center, PLLC
        P.O. Box 1024
        Great Falls, MT 59403-1024
        Telephone:  (406) 788-0035
        Email: channing@harteliuslaw.com
        *Co-Attorneys for Dhillon Hotel, Inc.*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Respectfully submitted this 28th day of June, 2022.

        Smith Oblander Meade & Mitcham, PC

        By:   /s/ Matthew T. Meade
        Matthew T. Meade
        Smith Oblander Meade & Mitcham, PC
        104 2nd St S., Ste. 400
        Great Falls, Montana 59401
        Telephone:  (406) 453-8144
        Fax:  (888) 402-0579
        Email: matt@bigskylaw.com
        *Co-Attorneys for Dhillon Hotel, Inc.*

        Hartelius Law Center, PLLC

        By:   /s/ Channing J. Hartelius
        Channing J. Hartelius
        Hartelius Law Center, PLLC
        P.O. Box 1024
        Great Falls, MT 59403-1024
        Telephone:  (406) 788-0035
        Email: channing@harteliuslaw.com
        *Co-Attorneys for Dhillon Hotel, Inc.*